# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BYAER JOHNSON, | Civil Action Nos. 17-1567 (PGS-LGH) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| NEW JERSEY STATE PRISON, et al, | |
| Defendants. | |

Plaintiff is proceeding *in forma pauperis* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will permit the complaint to proceed in part.

1. Plaintiff alleges he was assaulted by Officers Miles and Priebs in New Jersey State Prison on December 11, 2016. Specifically, he alleges the officers handcuffed him and proceeded to kick and punch him about the face and body. (ECF No. 1 ¶¶ 4-6).

2. He then alleges Officers Miles and Priebs conspired with others to write fraudulent disciplinary charges to conceal the assault. (*Id.* ¶ 7).

3. Plaintiff alleges Warden Steven Johnson refused to punish defendants after being informed of the assault. (*Id.* ¶ 8).

4. Defendant New Jersey State Prison is dismissed from this case. A state prison is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973).

5. Plaintiff's excessive force and conspiracy complaint shall be permitted to proceed against Officers Miles and Priebs. The Court shall exercise supplemental jurisdiction over any state assault claims. 28 U.S.C. § 1367(c).

6. Plaintiff's claims against Warden Johnson are dismissed without prejudice. His sole allegation against the Warden is that he failed to discipline Officers Miles and Priebs after the assault. "'Failure to' claims . . . are generally considered a subcategory of policy or practice liability." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). A supervisor's failure to discipline subordinates requires "both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate" in order to impose § 1983 liability. *Montgomery v. De Simone*, 159 F.3d 120, 127, (3d Cir. 1998).

7. Plaintiff has not presented any facts suggesting Warden Johnson knew of the assault prior to its occurrence or that Officers Miles and Priebs had a history of excessive force and had somehow approved of their actions. Because Plaintiff may be able to correct these deficiencies, the claims against Warden Johnson are dismissed without prejudice. Plaintiff may move to amend his claims against Warden Johnson in accordance with Fed. R. Civ. P. 15.

**IT IS** on this 5th day of February, 2019,

**ORDERED** that all claims against Defendant New Jersey State Prison are hereby **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that all claims against Defendant Steven Johnson are hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that the excessive force and conspiracy claims against Officers Miles and Priebs shall **proceed**. The Court will exercise supplemental jurisdiction over any state law claims, 28 U.S.C. § 1367(c); and it is further,

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[1] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is finally

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

*Peter G. Sheridan, U.S.D.J.*

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.