## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BYAER JOHNSON,                     :
                                   :     Civil Action No. 17-1567 (PGS)(LHG)
                    Plaintiff,     :
                                   :
          v.                       :     MEMORANDUM AND ORDER
                                   :     GRANTING SUMMARY JUDGMENT
NEW JERSEY STATE PRISON, et al.,   :            (ECF NO. 45)
                                   :
                    Defendants.    :
                                   :

Plaintiff, Byaer Johnson ("Plaintiff"), is a state prisoner currently incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is Defendants', Senior Correctional Police Officers ("SCPO") J. Miles and D. Priebs (collectively "Defendants"), motion for summary judgment. (ECF No. 45.) The time for briefing has passed and Plaintiff has not filed an opposition. Consequently, the motion for summary judgment is deemed unopposed. For the following reasons, Defendants' motion for summary judgment shall be granted.

### I.

The following facts are drawn from Defendants' statement of material facts and accompanying exhibits, which are deemed admitted for the purposes of Defendants' motion in light of Plaintiff's failure to oppose Defendants' motion or dispute their statement of material facts. *See* Fed. R. Civ. P. 56(e)(2); Local Civil Rule 56.1. Where the record evinces a disputed fact, the Court will take notice. In addition, the facts have been taken in the light most favorable to Plaintiff as the non-moving party, with all reasonable inferences drawn in his favor.

This action arises out of an incident that occurred on December 11, 2016, while Plaintiff was a prisoner at NJSP. (ECF No. 1, ¶ 1; ECF No. 45-4, Defendants' Statem. of Mat. Facts Not in Dispute ("DSOMF"), ¶¶ 1-2.) Plaintiff alleges that he returned to his cell after work and noticed the items in his cell had been "tossed" around. (ECF No. 54-14, Pl.'s Depo. 2/8/2021 at 9:16-20.) Plaintiff submits that he went to take a shower and while he was returning to his cell, he was told to enter a cell that contained mops and brooms. (*Id.* at 9:21-25.) Plaintiff was locked in this cell for approximately a half an hour. (*Id.* at 10:20-21.) Defendants returned to the cell and Defendant Priebs showed Plaintiff a piece of paper that was found in his cell. (*Id.* at 10:6-8.) When Plaintiff looked at the paper he was hit in the eye. (*Id.* at 20:7-10.) Plaintiff contends he fell to the ground and Defendants punched and kicked him. (*Id.* at 10:10-13.) Plaintiff was taken to the medical department for a cut under his eye and lacerations on his head and face. (*Id.* at 19:1-6.)

After the incident, Plaintiff was charged with attempted assault. (DSOMF ¶ 17.) Plaintiff entered a not-guilty plea. (*Id.* ¶ 18.) Following a December 15, 2016, disciplinary hearing, the Disciplinary Hearing Officer found Plaintiff guilty of attempted assault and sanctioned Plaintiff accordingly. (*Id.* ¶ 19.) Plaintiff did not appeal the Disciplinary Hearing Officer's finding. (*Id.*)

Following the incident, Plaintiff submitted six inquires and one grievance through the Department's Inmate Remedy System ("IRS") before signing his complaint on February 20, 2017. (*Id.* ¶ 20, citing ECF No. 45-12 at 3.) Of these seven submissions, only the December 29, 2016, inquiry could arguably pertain to the December 11, 2016, incident. (*Id.* ¶ 20, citing ECF No. 45-12.) Plaintiff's December 29, 2016, inquiry states: "Follow up on me pressing charges. [T]he [O]fficers are D. Miles and D. Preibs." (ECF No. 45-12 at 5.) Department staff responded to Plaintiff's inquiry on January 6, 2017, stating that "Administrative Staff cannot assist in legal charges." (*Id.*) Plaintiff took no further action regarding this inquiry. (DSOMF ¶ 20.)

On February 20, 2017, Plaintiff signed the certification in his *pro se* complaint. (ECF No. 1 at 4.) On February 21, 2017, the day after Plaintiff certified his complaint but before it was filed with the Court, Plaintiff submitted another inquiry, stating: "On 2/19/17 [] at 5:30 pm . . . on my way in my cell officer D. [P]riebs told me he was going to f**k me up for writing him up. This is the same officer that assaulted me on 12/11/2016. [I'm] scared for my life[. P]lease get me out of this jail. I fear for my life." (DSOMF ¶ 22, citing ECF No. 45-12 at 7.) The following day, on February 22, 2017, Department staff responded, stating that the "matter will be looked into and a CUS-139 will be completed." (*Id.*, citing ECF No. 45-12 at 7.) Plaintiff took no further action regarding this inquiry or the Department's response thereto. (*Id.*)

Plaintiff filed his Complaint on March 8, 2017, bringing claims against defendants New Jersey State Prison and Administrator Steven Johnson, along with Defendants Miles and Priebs. (ECF No. 1.) On February 5, 2019, the Court screened Plaintiff's Complaint for dismissal pursuant to 28 U.S.C. § 1915A. (ECF No. 5.) Upon screening, the Court proceeded Plaintiff's excessive force and conspiracy claims against Defendants. (*See id.*) The Court dismissed the remaining claims and defendants. (*Id.*) Defendants Miles and Priebs filed answers to the Complaint on March 14, 2019, and October 29, 2019, respectively. (ECF Nos. 12 and 30.)

On August 13, 2021, Defendants filed the instant motion for summary judgment. (ECF No. 45.) Among other arguments, Defendants move for summary judgment arguing that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PRLA), 42 U.S.C. § 1997(e)a. (ECF 45-2 at 8-13.) Plaintiff failed to file an opposition to Defendants' motion. On February 28, 2022, the Court filed a notice pursuant to *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), informing the parties that the Court may resolve factual disputes regarding Plaintiff's exhaustion of administrative remedies as part of ruling on

Defendants' summary judgment. (*Id.*) The Court provided the parties with additional time to submit supplemental briefing and evidence regarding the exhaustion issue. (*Id.*) Defendants submitted a letter informing the Court that they did not intend to submit supplemental briefing. (ECF No. 48.) Plaintiff again failed to file any briefing or opposition to Defendants' motion for summary judgment.

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude the Court from granting a motion for summary judgment. *See id.*

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact [is not] genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents . . ., affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). To withstand

4

a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *See Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)). "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). The Court's role in deciding a motion for summary judgment is simply "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as here, the moving party files a proper statement of material facts and the non-moving party fails to file a responsive statement of disputed material facts, this Court is free to treat the moving party's statement of material facts as undisputed and therefore admitted for the purposes of resolving the motion for summary judgment. *See, e.g., Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146, at *2–3 (D.N.J. Feb. 14, 2017). Even where the defendants' statement of material facts is deemed admitted and unopposed, however, a district court is still required to "satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and that [the moving

party is] entitled to judgment as a matter of law" in order to grant summary judgment. *Id.* at 2 (citing *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

### III.

Defendants argue Plaintiff's claims against them are procedurally barred because he failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *Ball v. Famiglio*, 726 F.3d 448, 456 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross*, 136 S.Ct. at 1856 (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2007)). This includes constitutional claims, *Woodford*, 548 U.S. at 91 n.2, and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion must be proper, meaning "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). "A prisoner must exhaust these remedies 'in the literal sense[;]' no further avenues in the prison's grievance process should be available." *Smith v. Lagana*, 574 F. App'x 130, 131 (3d Cir. 2014) (quoting *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004)). A district court may decide

whether a plaintiff exhausted his administrative remedies without a jury even if there are disputed facts after providing notice to the parties and an opportunity to submit further evidence. *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018); *Small v. Camden Cty.*, 728 F.3d 265, 270 (3d Cir. 2013).

Although exhaustion is mandatory under the PLRA, the statute also contains "a textual exception" to mandatory exhaustion. *See Ross*, 136 S.Ct. at 1858. "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *See id.* In *Ross v. Blake*, the Supreme Court noted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *See id.* at 1859. "First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859 (citing *Booth v. Churner*, 532 U.S. 731, 736 (2001)). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 1850. "And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *See id.* In addition, the Third Circuit has held that the failure to respond in accordance with the prison's procedural rules to a properly-filed grievance renders administrative remedies unavailable. *See Robinson v. Superintendent Rockview*, SCI, 831 F.3d 148, 154 (3d Cir. 2016).

"Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." *Small*, 728 F.3d at 268. Once a defendant has

established that the inmate failed to resort to administrative remedies, the onus falls on the inmate

to show that such remedies were unavailable to him. *Rinaldi v. United States*, 904 F.3d 257, 268

(3d Cir. 2018).

As one Court in this district has explained,

> New Jersey's "Inmate Remedy System is a comprehensive system that includes the opportunity for an inmate to submit an 'Inmate Inquiry Form' or 'Inmate Grievance Form' and, in response to the resulting decision or finding, to submit an 'Administrative Appeal.'" N.J. Admin Code § 10A:1-4.4(c) (2018). Exhaustion of administrative remedies therefore requires that a prisoner both submit an inquiry or grievance form, and an administrative appeal of any adverse decision on the inquiry or grievance form. § 10A:1-4.4(d). These remedy forms "must be complete, legible, and include a clear and concise statement" of the prisoner's claim, and "shall contain the full name, [inmate] number and, when required, signature of the inmate submitting the form." § 10A:1-4.4(e). Upon the filing of an inquiry or grievance form, a prisoner will receive a response within fifteen or thirty days respectively as to the two types of forms, unless the coordinator of the prison's grievance system determines more time is needed, in which case the prisoner shall be informed of the need for more time. § 10A:1-4.4(i), 4.5(d). Upon receiving a final response to the form, [the prisoner] may file his administrative appeal, within ten calendar days, at which point he will receive a final decision on his appeal within ten further calendar days. § 10A:1-4.6.

*Campbell v. Doe*, No. 12-2750, 2018 WL 4616068, at *3 (D.N J. Sept. 26, 2018).

Defendants argue that Plaintiff failed to appeal his grievances that arguably address the

December 11, 2016, incident. Defendants have provided the Court with the six inquires and one

grievance that Plaintiff submitted to the Department prior to signing his complaint on February 20,

2017. (DSOMF ¶ 20, citing ECF No. 45-12 at 3; ECF No. 45-5, Cert. of Counsel, ¶ 8.) Defendants

submit that while Plaintiff's December 29, 2016, and February 21, 2017, inquiry forms mention

the December 11, 2016, incident, Plaintiff never appealed these inquires. (DSOMF ¶¶ 20, 22.)

Plaintiff has failed to dispute or otherwise oppose these facts presented by Defendants. As the

prison's grievance procedure requires that an inmate appeal a grievance response to fully exhaust his administrative remedies, Plaintiff's failure to appeal his inquiries amount to a failure to fully exhaust his remedies. Plaintiff has failed to argue that administrative remedies were unavailable to him. Accordingly, as Plaintiff has failed to exhaust his administrative remedies by filing an administrative appeal prior to filing his Complaint in this matter, Plaintiff has failed to comply with the exhaustion requirements of §1997e. As such, Plaintiff's claims must be dismissed without prejudice for failure to exhaust. The Court, therefore, grants Defendants' motion for summary judgment.[1]

## ORDER

This matter having come before the Court on the motion for summary judgment of Defendants Senior Correctional Police Officers ("SCPO") J. Miles and D. Priebs (collectively "Defendants") (ECF No. 45), brought pursuant to Fed. R. Civ. P. 56; the Court having considered the motion for summary judgment and the records of proceedings in this matter; and the Court having found that Plaintiff has failed to exhaust his administrative remedies for the reasons expressed in the accompanying Memorandum,

**IT IS** on this 8th day of December, 2022,

**ORDERED** that Defendants' motion for summary judgment (ECF No. 45) is **GRANTED**; and it is further

**ORDERED** the Plaintiff's remaining claims are **DISMISSED** for failure to exhaust administrative remedies; and it finally

---

[1] Because the Court finds Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies as required by §1997e, the Court need not and does not address Defendants' remaining argument regarding Plaintiff's claims.

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. mail and shall **CLOSE** the file.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.